UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL SHANE FUQUA,

      Petitioner,

                                     8:06-cv-961-T-17MSS

SECRETARY, DEPT. OF CORRECTIONS,

      Respondent.

_____

## **ORDER**

THIS CAUSE was initiated upon the filing of a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus. Petitioner Fuqua is proceeding on his amended petition (Doc. No. 6) (hereinafter "Petition").  Fuqua challenges his conviction and sentence entered by the Circuit Court for the Thirteenth Judicial Circuit, Hillsborough County, Florida.  A review of the record demonstrates that, for the following reasons, the petition must be denied.

Background

Fuqua was found guilty after a jury trial of the second degree murder of Jeremiah Clise with a knife. On December 19, 2000, he was adjudicated guilty in accordance with the verdict and sentenced to life in prison. Fuqua appealed the trial-based judgment, arguing the state court forced Fuqua's trial counsel to withdraw a request for a curative instruction regarding testimony of state witness Brock in order to prevent inadmissible testimony from Brock's attorney. In a second issue, Fuqua argued the state court erred in limiting cross-examination of attorney Hernandez based on the attorney-client privilege. In a third issue, Fuqua claimed the prosecutor engaged in misconduct during closing argument which deprived him of a fair trial. Following briefing, on October 31, 2001, the

state district court per curiam affirmed without written decision in case no. 2D01-521. *Fuqua v. State*, 801 So. 2d 932 (Fla. 2d DCA 2001)[table]. No rehearing was sought; neither did he pursue certiorari review in the United States Supreme Court.

Fuqua filed a pro se motion for postconviction relief under Florida Rule of Criminal Procedure 3.850 dated May 28, 2002, raising ten grounds for relief. By nonfinal order rendered July 30, 2002, the postconviction court summarily denied grounds five and six and directed a response from the state to the remaining grounds. Evidentiary proceedings were held September 24, 2004. Collateral counsel for Fuqua elected to proceed only on grounds one through four and also ground ten of the rule 3.850 motion. By final order rendered November 17, 2004, the postconviction court denied the remaining rule 3.850 grounds. Fuqua appealed the final rule 3.850 denial. Following briefing, on November 23, 2005, the state district court per curiam affirmed without written decision. *Fuqua v. State*, case no. 2D05-05 (Fla. 2d DCA 2005)[no table found]. The mandate issued on December 14, 2005.


Fuqua timely filed his original pro se 28 U.S.C. § 2254 petition on May 16, 2006. The petition was dismissed without prejudice and Fuqua's amended petition dated July 3, 2006, followed.

## STANDARDS OF REVIEW

### The AEDPA Standard

Under 28 U.S.C. § 2254(d) and (e) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), this court's review of the state court's factual findings must be highly deferential. Such findings are presumed to be correct unless rebutted by clear and convincing evidence. Similarly, the state courts' resolutions of issues of

2

law-including constitutional issues-must be accepted unless they are found to be "contrary to" clearly established precedent of the Supreme Court of the United States or involved an "unreasonable application" of such precedent. *Williams v. Taylor*, 529 U.S. 362 (2000). Indeed, it is not enough that the federal courts believe that the state court was wrong; it must be demonstrated that the state court decision was "objectively unreasonable." Id. *Breedlove v. Moore*, 279 F.3d 952 (11th Cir. 2002).

Ineffective Assistance of Counsel Standard

To prevail on a claim of ineffective assistance of trial or appellate counsel, a Petitioner must meet the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland*'s two-part test requires a Petitioner to demonstrate that counsel's performance was deficient and "there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* However, if a claim fails to satisfy the prejudice component, the court need not make a ruling on the performance component.

DISCUSSION

Ground One

Fuqua faults counsel for not procuring a photo expert to review and purportedly rebut the state's photographic evidence. Fuqua failed to establish the underpinnings for his claim. In denying this claim after an evidentiary hearing, the postconviction court set out the applicable *Strickland* two-prong test, and then stated, in relevant part:

> In ground one, Defendant alleged ineffective assistance of counsel for failure to call an expert witness to testify concerning videotape evidence at trial. The decision to call a witness is a strategic one. *See Lightbourne v. State,* 471 So. 2d 27, 28 (Fla. 1985)(holding that the failure to call expert witnesses does not render counsel ineffective). Absent a showing that the

3

outcome would have been different had the witness testified, the decision to not call an expert to interpret the video does not rise to the level of ineffective assistance of counsel. As such, no relief is warranted on ground one. . . . . (Resp. Ex. 9)

It is objectively reasonable to deny Fuqua's ground one on *Strickland*'s deficiency prong. Fuqua did not overcome the strong presumption that counsel's decisions regarding the state's video evidence were made in the exercise of professional judgment. *Strickland*, 466 U.S. at 690. Fuqua did not call an expert at the rule 3.850 hearing and did not show that not one reasonably competent attorney could conclude the photographic/video evidence could be interpreted as providing support for the state's position that Fuqua was the individual who stabbed the victim. At the time, his counsel took the view the tape was not good for Fuqua and wanted to stay away from it. (Resp. Ex. 10, V 4 R 454) Under the circumstances, counsel wanted to keep the focus on what occurred before the acts depicted on the tape, according to the defense, which employed, inter alia, Mark James' account to support the chosen defense that Fuqua was not the stabber. (Resp. Ex. 10, V 4 R 455).

Fuqua's bald assertion neither the photos nor video depicted the stabbing is insufficient to show that the Sixth Amendment constitutionally obliged his counsel to secure and call an expert at trial in order to be reasonably effective. Fuqua did not call an expert at the state evidentiary hearing and did not show the individual utilized by his counsel for sentencing purposes was qualified to, and would have given, testimony credibly showing there was no support in the photographic evidence for the state's position Fuqua's actions depicted were those of the individual who stabbed the victim and then fled the scene.

The claim can be disposed of under *Strickland's* prejudice prong without addressing

4

the deficiency prong. This claim is mere speculation on Fuqua's part. As the prosecutor pointed out in closing remarks at the conclusion of the state probe, Fuqua was depicted reaching in his pocket and putting his hand out, actions consistent with hiding or manipulating a weapon. (Resp. Ex. 10, V 4 R 493-494) The victim was depicted lifting his shirt, and the state's medical testimony showed the stabbing occurred close in time. *Id.* Fuqua did not collaterally establish at the state evidentiary hearing that his counsel had overlooked any material fact that would have undercut the state's position and bolstered the defense the stabbing had occurred prior to those actions depicted on the tape.

Furthermore, the state adduced other evidence of Fuqua's guilt of the charged offense, including Brock's testimony revealing Fuqua hid Fuqua's jersey and made inculpatory statements to Brock. (Resp. Ex. 10 V 4 R 501). The prosecutor also observed that the trial judge, in denying Fuqua's motion for new trial, pointed out Brock was a credible witness. (Resp. Ex. 10 V 4 R 502) In view of the independent evidence of Fuqua's guilt, it is objectively reasonable to conclude Fuqua failed to demonstrate there was any reasonable probability of a different outcome had counsel performed as proposed with regard to the photographic evidence. The state decision resulted in a reasonable application of *Strickland* under either prong.  Ground one does not warrant habeas corpus relief.

Ground Two

Fuqua faults his trial counsel for not investigating and calling officer Hollifield to testify on behalf of the defense. According to Fuqua, statements of two individuals in the officer's report indicated a light-skin, Hispanic male, approximately 6'4", 170 lbs, stabbed the victim.  Fuqua, stating he is a white male, 5'6", 135 lbs, says counsel was ineffective

5

for not calling the officer to testify regarding these statements. In summarily denying this claim, the postconviction court found as follows:

> In ground two, Defendant alleged ineffective assistance of counsel for failure to investigate, discover, and call police officer M. Hollifield to testify at Defendant's trial. After reviewing all the evidence, the Court has determined that failure to call officer Hollifield does not rise to the level of ineffective assistance of counsel. *See Beard v. State*, 548 So. 2d 675, 675-676 (Fla. 5th DCA 1989)("whether to call a witness or not is usually a tactical decision made by a lawyer and should not be second-guessed by a court"). As such, no relief is warranted on ground two. . . . .

(Resp. Ex. 9)

Fuqua had a full and fair opportunity to establish the underpinnings for his claim at the state evidentiary hearing and he failed to do so. Fuqua did not call officer Hollifield, nor the witnesses mentioned in the report, to support his theory of omission. Counsel's evidentiary testimony reflected that counsel felt Officer Hollifield's testimony would corroborate the state's position.  Fuqua fails to show that no one reasonably competent attorney could have declined to elicit the proposed testimony given the tactics chosen of relying on James's account of the crime indicting the perpetrator was black.

This claim fails under the prejudice prong of Strickland, under the deferential AEDPA standards. As previously stated, the Officer's information contradicted and/or undermined evidence on which the defense tactically relied. It is objectively reasonable to conclude Fuqua failed to demonstrate that there was a reasonable probability of a different outcome had counsel called the officer to testify. Ground two does not warrant habeas corpus relief.

Ground Three

Fuqua again faults his trial counsel for not calling officer Hollifield and adds as proposed witnesses the two individuals whom Fuqua claims in ground two were mentioned

in the officer's report. Again, Fuqua failed to establish the underpinnings of his claim. In denying his claim after the evidentiary hearing,  the postconviction court held, in relevant part:

> In ground three, Defendant alleged ineffective assistance of counsel for failure to investigate, locate and call to testify, exculpatory witnesses that were ascertainable from police reports within Defendant's case file. After reviewing all the evidence, the Court finds that Defendant was not materially prejudiced by the failure to call Mr. Molendi and Mr. Burks. *See Magill v. State*, 457 So. 2d 1367 (Fla. 1984); *Reaves v. State*, 826 So. 2d 932 (Fla. 2002); *See Beard v. State*, 548 So. 2d 675, 675-676 (Fla. 5th DCA 1989)("a bare allegation that a witness was not interviewed or called at trial is insufficient to require further court inquiry"). As such, no relief is warranted on ground three. . . . .

(Resp. Ex. 9)

Fuqua does not show that testimony from the officer as to out-of-court statements of the individuals listed in the report would have survived a hearsay objection by the state. Moreover, trial counsel's evidentiary testimony reflects counsel had the officer's report (Resp. Ex. 10, V 4 R 456) but did not believe the statements of the witnesses would have been beneficial to the defense. Counsel did not want to taint accounts used by the defense to promote the proposition that the perpetrator was black with testimony indicating the perpetrator could have been Hispanic. (Resp. Ex. 10, R 433)

When counsel makes an informed choice between reasonable alternatives, counsel will not be regarded constitutionally deficient merely because of tactical decisions. *Griffin v. Wainwright*, 760 F. 2d 1505, 1514 (11th Cir. 1985), *vacated on other grounds*, 476 U.S. 1112, *cert. denied*, 476 U.S. 1123 (1986). "There are countless ways to provide effective assistance in any given case," and "[e]ven the best criminal defense attorneys would not defend a particular client in the same way." *Strickland*, 466 U.S. at 689, *accord, Waters v.*

7

*Thomas,* 46 F.3d 1506, 1522 (11th Cir. 1995) (*en banc*) ("Three different defense attorneys might have defended Waters three different ways, and all of them might have defended him differently from the way the members of this Court would have, but it does not follow that any counsel who takes an approach we would not have chosen is guilty of rendering ineffective assistance.").

To the extent Fuqua suggests counsel was constitutionally required to interview the witnesses before declining to call them, he is wrong. The mere fact that other witnesses might have been available or that other testimony might have been elicited from those who testified is not a sufficient ground to prove ineffective assistance. *Foster v. Dugger*, 823 F.2d 402, 406 (11th Cir. 1987), *cert. denied*, 487 U.S. 1241 (1988). Fuqua did not show that not one reasonably competent attorney could have concluded at the time of trial that the witnesses might prove harmful to the defense by undercutting testimony used by the defense to suggest the perpetrator was black.

The claim fails scrutiny under the prejudice prong of *Strickland*. Fuqua did not show that the proposed testimony of the individuals to whom he pointed would have credibly established he was not perpetrator in view of the state's evidence of his guilt. Even collaterally, he did not secure and adduce their testimony at the state probe. In view of his own failure of proof, and the state's evidence which established he was the perpetrator, it is objectively reasonable to conclude there was no reasonable probability of a different outcome had counsel performed as Fuqua proposes.

Ground three does not warrant habeas corpus relief.

### Ground Four

Fuqua alleges that his trial counsel was ineffective for not calling Rustin Wagers to

8

testify at trial. Fuqua claims the witness said he was seven feet from where the stabbing occurred and the attacker was black.

In denying this ground, the postconviction court found, in relevant part:

> In ground four, Defendant alleged ineffective assistance of counsel for failure to investigate officer J.V. Massucci's police report and subpoena Rustin Wagers to testify at trial. The Court finds that the defense was not required to investigate and call every potential witness. *See Magill v. State*, 457 So. 2d 1367 (Fla. 1984); *Reaves v. State*, 826 So. 2d 932 (Fla. 2002). Defense counsel called the witnesses that supported their defense; the failure to call Mr. Wagers was a strategic decision and does not rise to the level of ineffective assistance of counsel. As such, no relief is warranted on ground four. . . . .

(Resp. Ex. 9)

Fuqua did not adduce testimony from Massucci or Wagers, and did not show that counsel was constitutionally obliged to present either in order to be reasonably effective. Fuqua merely disagrees collaterally with trial counsel's tactics.

The ground fails under the *Strickland* prejudice prong as well. Counsel capably promoted through testimony that the perpetrator was black. However, the photographic evidence, as well as Brock's testimony, undercut this contention. Fuqua fails to show that cumulative testimony would not have similarly been undercut by the state's evidence establishing he was the one who stabbed the victim.

In addition, in view of Fuqua's decision not to call the omitted witness at the evidentiary hearing, it is objectively reasonable to conclude there was no reasonable probability of a different outcome had counsel called the proposed witness at trial.

Ground four does not warrant habeas corpus relief.

### Ground Five

Fuqua alleges the state trial court forced the trial count to withdraw a request for a

curative instruction. During cross-examination of Brock and upon confronting Brock about an encounter with Fuqua in jail, Brock maintained Fuqua had made a threat. Fuqua's trial counsel sought a cautionary instruction which would have advised the jury the trial court was not informed of the threat about which Brock had testified. (Resp. Ex. 10, R 9 1038-39) In response, the state proffered testimony of Brock's counsel, attorney Hernandez, to show Brock had brought the threat to his counsel's attention. Over an objection premised on improper bolstering of Brock, the trial court indicated the testimony would be allowed. Viewing the proposed instruction as representing an issue of fact, the trial court indicated the state would have the right to address the factual assertion should the requested instruction be given. (Resp. Ex. 10, V 10 R 1100-1101) After questioning attorney Hernandez, Fuqua through counsel, withdrew the request for the cautionary instruction.

Although Fuqua frames his claim as a due process violation, ground five presents a state law issue for which federal subject matter jurisdiction does not lie. Whether the proposed instruction contained a factual assertion which the state was entitled to address and/or whether testimony from Brock's counsel as to the report of threat are state law matters solely within the province of the state courts.

A state prisoner is entitled to relief under 28 U.S.C. § 2254 only if he is held "in custody in violation of the Constitution or laws or treaties of the United States." § 2254(a). A state's interpretation of its own rules or statutes does not raise a federal constitutional issue. Wainwright v. Goode, 464 U.S. 78 (1983), reh'g denied, 465 U.S. 78 (1984). The writ of habeas corpus, 28 U.S.C. § 2254, was not enacted to enforce state-created rights. Cabberiza v. Moore, 217 F.3d 1329, 1333 (11th Cir. 2000). Even when a petition which actually involves state law issues is "couched in terms of equal protection and due

10

process," this limitation on federal habeas corpus review is of equal force. *Willeford v. Estelle*, 538 F.2d 1194, 1196-98 (5th Cir. 1976).

Even if the Court reached the merits of the claim, Fuqua's claim fares no better upon application of the AEDPA standards of review to the state decision. State-court evidentiary rulings generally cannot rise to the level of due process violations unless they offend some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental. *See Montana v. Egelhoff*, 518 U.S. 37, 43 (1996) (quoting *Patterson v. New York*, 432 U.S. 197, 202 (1977)); *see also Spencer v. Texas*, 385 U.S. 554, 563-64, (1967). Federal habeas corpus relief is not available to correct an error of state law unless the error is so egregious as to deny due process or equal protection. *Pulley v. Harris*, 465 U.S. 37 (1984). This case does not implicate such concerns.

Fuqua cannot establish even state law evidentiary error. Federal review of his state law arguments on direct appeal as to the admissibility of testimony from Brock's counsel is foreclosed because the state decision settles that as a matter of Florida law, the testimony was relevant and admissible. It is not the province of a federal court to reexamine state-court determinations on state-law questions. *See Estelle v. McGuire*, 502 U.S. 62, 72 (1991) ("Nor do our habeas powers allow us to reverse [a petitioner's] conviction based on a belief that the trial judge incorrectly interpreted the California Evidence Code in ruling that the prior injury evidence was admissible as bad acts evidence in this case.").[1] Applying the stringent *Williams AEDPA* standard, it is objectively reasonable to conclude that the decision to permit the subject testimony from Brock's counsel was not so fundamentally

---

[1] See also, *Marshall v. Lonberger*, 459 U.S. 422, 438 n. 6 (1983)("[T]he Due Process Clause does not permit the federal courts to engage in a finely tuned review of the wisdom of state evidentiary rules").

unfair as to violate Fuqua's due process rights.

Fuqua claimed in his direct appeal the state court forced him to choose between the right of confrontation and due process. However, it is objectively reasonable to conclude there was no such forced choice in Fuqua's case. Permitting the state to address matters opened up by cross-examination Fuqua and a defense initiated instruction does not offend constitutional guarantees challenged by Fuqua in his direct appeal.

Fuqua's rights of confrontation and to due process did not include unfettered opportunity to adduce testimony concerning the encounter between Fuqua, instruct his jury on an extrinsic fact for impeachment purposes, and then block the state from addressing the unsupported fact, free of Florida's basic admissibility requirements. "The Sixth Amendment does not confer the right to present testimony free from the legitimate demands of the adversarial system; one cannot invoke the Sixth Amendment as a justification for presenting what might have been a half-truth." *United States v. Frazier*, 387 F.3d 1244, 1272 (11th Cir. 2004)(quoting *United States v. Nobles*, 422 U.S. 225, 241 (1975).

The Confrontation Clause is generally satisfied when the defense is given a full and fair opportunity to question and expose [testimonial] infirmities through cross-examination, thereby calling to the attention of the factfinder the reasons for giving scant weight to the witness' testimony. *Delaware v. Fensterer*, 474 U.S. 15, 22 (1985). In Fuqua's case, he was afforded wide latitude in cross-examination of the state's witnesses, and the jury had ample facts from which to assess the witnesses' credibility. Accordingly, Fuqua demonstrates no constitutional deprivation.

This same point supports an alternative harmless error conclusion. In view of the

12

latitude of confrontation accorded Fuqua, and in addition, in light of the state's evidence serving to corroborate Brock's testimony implicating Fuqua, including, among other things, the photographic evidence, it is objectively reasonable to conclude the claimed constitutional error, if any, did not have a substantial and injurious effect or influence in determining the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). The state court decision resulted in a reasonable application of federal law  as clearly established by the Supreme Court at the time and a reasonable determination of the facts in light of the evidence.

Ground five does not warrant habeas corpus relief.

Ground Six

Fuqua asserts the state court limited cross-examination. No facts are offered in the federal petition and are not found in his memorandum in support regarding this ground. Vague and conclusory claims failing to state facts which would show an entitlement to relief can be dismissed without further effort on the part of the Court. *Blackledge v. Allison*, 431 U.S. 63 (1977).

At trial the state presented testimony of Brock's counsel reflecting that Brock had no agreement with the state on his pending charges in exchange for his testimony in Fuqua's case. On direct appeal, Fuqua argued the state court erred in limiting cross-examination of attorney Hernandez based on the attorney client privilege. Fuqua argued the evidentiary ruling deprived him of his rights of confrontation and to due process. Even if his claim were construed to raise only this argument, Fuqua does not meet his burden under the AEDPA standards of review.

As a threshold matter, the state court decision settles that the proposed area of

13

inquiry was inadmissible under the applicable privilege under Florida's evidentiary rules. This state law determination cannot be revisited on federal habeas review, as state courts are the ultimate expositors of state law. *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975)(citations omitted). The accused does not have an unfettered right to offer testimony that is incompetent, privileged, or otherwise inadmissible under standard rules of evidence." *Taylor v. Illinois*, 484 U.S. 400, 410 (1988); *see also, United States v. Frazier*, 387 F.3d at 1271 [("Nor are an accused's constitutional rights necessarily violated because he was prevented from . . . . presenting otherwise relevant evidence that is privileged, such as communications between a doctor and patient, a lawyer and client, or between a husband and wife, citing *United States v. Brown*, 634 F.2d 819, 830 (5th Cir. 1981) ("The district court did not violate either [the defendant's] Sixth Amendment right to confront the witnesses against him or his Fifth Amendment right to due process of law when it upheld [the] claim of marital privilege as a bar to the ... testimony.")]

The attorney-client privilege encourages " 'full and frank communication between attorneys and their clients and thereby promotes broader public interests in the observance of law and the administration of justice.' " *Swidler & Berlin v. United States*, 524 U.S. 399, 403 (1998). In Fuqua's case, it is objectively reasonable to conclude the limitation on inquiry into privileged matters did not run afoul of the Confrontation or Due Process Clauses. The inquiry of whether Brock had asked his counsel about the amount of time he might get off his sentence was privileged, and even if it were not and/or waived as Fuqua suggested on direct appeal, the query was not shown by Fuqua to be material and relevant, as there was no agreement in Brock's case in return for his testimony. Fuqua does not allege otherwise.

14

Alternatively, it is objectively reasonable to reject Fuqua's claim because the claimed error was harmless. In view of the ample evidence adduced by the state of Fuqua's guilt of the charged offense beyond a reasonable doubt, it can be reasonably concluded the claimed constitutional error, if any, did not have a substantial and injurious effect or influence in determining the jury's verdict. *Brecht, supra.* The state court decision resulted in a reasonable determination of federal law as clearly established by the Supreme Court.

Ground six does not warrant habeas corpus relief.

Ground Seven

Fuqua contends the prosecutor engaged in misconduct during closing argument. Because there are no facts in support in the petition or memorandum, this conclusory allegation fails to state a basis for relief. Alternatively, even if construed to the extent argued in his direct appeal in which he claimed the prosecutor commented on his right to remain silent, his ground does not satisfy the AEDPA standards. His state-law-based arguments on direct review do not provide a basis for relief.

In Florida, counsel is permitted wide latitude in arguing to a jury. *E.g., Breedlove v. State,* 413 So. 2d 1 (Fla. 1982). The silent affirmance on direct appeal, rejecting Fuqua's state law arguments, settles that the state trial court was within its discretion to conclude the prosecutor's remarks fell within the ambit of proper comment on the evidence as a matter of state law.

The limited inquiry is whether it is objectively reasonable to conclude, with respect to the comments, the comments did not deprive petitioner of a fair trial. It is not enough that a prosecutor's comments were undesirable or even universally condemned. *Cobb v. Wainwright*, 609 F. 2d 754 (5th Cir. 1980). The standard of review is whether, on the

15

merits, the comment so infected the trial with unfairness as to make the resulting conviction a denial of due process. *Darden v. Wainwright*, 477 U.S. 178 (1986) (citing *Donnelly v. DeChristoforo*, 416 U.S. 637 (1974)). The appropriate standard of review for such a claim on writ of habeas corpus is "the narrow one of due process, and not the broad exercise of supervisory power." *Id.* at 642.[2]

In Fuqua's case, the prosecutor advanced the following during his closing argument:

And that leads us to Jarrett Brock. And basically like we started opening statement with Jarrett Brock, what were we basically going to ask you in opening statement. You said, well, we'll listen to what that person has to say. We brought him out in his orange. We could have put a suit on him. Why not? We wanted to tell you exactly who he is and what he's about.

And all I can tell you -- best suggestion for you is when you judge his credibility, I'll suggest to you you could see whether he was being candid and honest. And it appeared very plain, plain obvious that he was very uncomfortable and very nervous sitting in front of a room full of people, camera, the world, and giving up a friend.

And so as we go to Brock's testimony, I just ask you to keep several things in mind. And when you judge his rules and credibility just like everybody, one thing I want to point out is whatever statements he made, you judge the same way. Same way.

Whatever his statements were, you use the same rules of credibility. Jarrett Brock, law enforcement officer, these guys, same thing. Same standard for anybody. Anybody. . . . .

(Resp. Ex. 10, V 11 R 1304-1305)

Upon objection by the defense, a bench conference ensued, whereupon the following arguments were made:

---

[2] Under circuit precedent, the reviewing court must consider the allegedly improper comments in the context of both the prosecutor's entire closing argument and the trial as a whole. *Branch v. Estelle*, 631 F. 2d 1229, 1233 (5th Cir. 1980). Among the considerations is the strength of the evidence. *Cobb v. Wainwright*, 609 F. 2d at 756.

MS. WARD: Yes, Judge. Specifically as it relates to the statement that you judge his -- pointing at the defendant's statements -- the same way as you judge Brock's, I'd move for a mistrial based on the fact that it's a comment on the defendant's silence. Brock testified in this case. The defendant did not. And I'd like the record to reflect that the point was at the defendant while Mr. Shoemaker made those statements.

THE COURT: Anything from the state?

MR. SHOEMAKER: Yes, Judge. It was -- I think if look at it in its context, it was a comment on the evidence. His statements, as is going to be instructed and put forward, I was suggesting to the jury -- it was right in that context -- to specifically judge what he has to say with the same standard of credibility. It was his statements that I've just finished going through that laundry list of what he had to say to find whether that's consistent with the evidence. It had nothing to do with why didn't he take the stand. Why didn't you hear from him. Those are comments on the right to remain silent.

THE COURT: I'll deny the motion. It was in the context of the statements that he made to the police. So I'll deny the motion. . . . .

(Resp. Ex. 10, V 11/Tr 1309-1310) The next day, his counsel renewed the motion for mistrial based on state decisional law.[3] (Resp. Ex. 10, V 11 R 1355, 1377-1386) In denying Fuqua's motion for mistrial, the trial court found the prosecutor's remarks were not fairly susceptible of being interpreted as a comment on Fuqua's failure to testify. (Resp. Ex. 10, V 11 R 1386)

Fuqua does not demonstrate constitutional error in the prosecutor's closing remarks. It is objectively reasonable to determine the prosecutor's remarks did not rise to a comment on Fuqua's right to remain silent. Rather, the comments constituted no more than fair comment on the jury's role as fact-finder, as well as fair comment on the evidence and logical inferences therefrom.

---

[3] Fuqua's counsel relied on *Varona v. State*, 674 So.2d 823 (Fla. 4th DCA 1996); *State v. Marshall*, 476 So.2d 150 (Fla. 1985), and, *State v. Kinchen*, 490 So.2d 21 (Fla. 1985). (Resp. Ex. 1, V 11 R 1381).

Further and alternatively, it is objectively reasonable to conclude the subject remarks were harmless. The prosecutor did not implore the jury to infer guilt from Fuqua's exercise of his right to remain silent. Moreover, the instructions that conveyed to the jurors the attorney's arguments were not evidence (Resp. Ex. 10, V 17 1267); that Fuqua exercised a fundamental right by choosing not to be a witness;  and that the jury must not view such as an admission of guilt or be influenced in any way by his decision (Resp. Ex. 10, V 17 R 1367) cured any claimed harm from the subject remarks.

Additionally, in view of the ample evidence of his guilt of the charged offense, the comments, if error, were harmless. *Brecht, supra.* The state decision resulted in a reasonable application of federal law as clearly established by Supreme Court precedent at the time and a reasonable determination of the facts in light of the evidence.

Finally, not only was Fuqua afforded evidentiary development on various claims, Fuqua had ample opportunity to allege all his factual assertions in his rule 3.850 motion, and his failure to do so is attributable to his own lack of diligence. Fuqua is now barred by 28 U.S.C. § 2254(e)(2) from seeking evidentiary development on any allegation not timely pled in state court.[4]

Moreover, even if § 2254(e)(2) does not preclude a federal evidentiary hearing,

---

[4] Any new factual assertions not pled in his rule 3.850 motion and raised at his evidentiary hearing and on collateral appeal are now procedurally barred on independent and adequate state procedural grounds of rule 3.850's time limit and the state's successive petition doctrine. If a petitioner asserts new allegations of ineffective assistance of counsel that were not timely and properly raised in state court, they may not be considered by this Court. *Footman v. Singletary*, 978 F.2d 1207, 1211 (11th Cir. 1992); *Jackson v. Herring*, 42 F.3d 1350, 1355 (11th Cir.), *reh. denied*, 51 F.3d 1052 (11th Cir. 1995) (petitioner's ineffective assistance claim was not raised in state court and was procedurally barred). *Tower v. Phillips*, 979 F.2d 807 (11th Cir. 1992)(federal courts are precluded from addressing claims that have been held to be procedurally defaulted under state law, citing *Coleman v. Thompson*; in addition, federal courts may not address claims that have not been presented in state court if the state court would have found the claims to be procedurally defaulted, unless petitioner is able to show both cause and prejudice resulting therefrom).

Fuqua nonetheless is not automatically entitled to a hearing. It would still be appropriate to deny him a hearing if such would not assist in resolution of his claims. In order to obtain an evidentiary hearing, the petitioner must demonstrate he would be entitled to habeas relief on his claim if his factual allegations are proven. *See Breedlove v. Moore*, 279 F.3d 952, 960 (11th Cir. 2002). This determination is circumscribed by the AEDPA's highly deferential standards. *Id.*, 279 F.3d at 960 ("In the post AEDPA era, we do not conduct an independent review of claims that have been addressed on the merits by the state courts. The relevant standard for federal habeas review of such claims is governed by 28 U.S.C. § 2254(d)(1)....") In Fuqua's case, he is not entitled to federal relief on any of his grounds. The state court's denial of Fuqua's claims is neither contrary to, nor an unreasonable application of, the federal law.

Accordingly, the Court orders:

That Fuqua's petition is denied.  The Clerk is directed to enter judgment against Fuqua and to close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ··· only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong,"

*Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on May 16, 2008.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record
Michael Shane Fuqua